IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

MS.AMBER MAREE CANTER
#477-384 / #2979873
D.P.S.C.S. ROXBURY CORRECTIONAL INSTITUTION
PROTECTIVE CUSTODY UNIT (p.c.)
18701 ROXBURY ROAD
HAGERSTOWN MARYLAND 21746
         (PLAINTIFF PRO-SE);

         VS.

THE STATE OF MARYLAND
         Serve: Nancy Kopp,
               Treasurer's Office
               Goldstein Treasury Building
               80Calvert Street
               Annapolis,Maryland 21401.

and,

THE D.P.S.C.S. SECRETARY ROBERT L.GREEN
         In His Individual and Official Capacity
         As Secrtetary of The Maryland Department of Public-
         Safety And Correctional Services
         6776 Reisterstown Road, ste:310
         Baltimore Maryland 21215.

and,
ROXBURY CORRECTIONAL INSTITUTION (R.C.I.)
WARDEN, CARLOS BIVENS
In His Individual and Offical Capasity As
The Warden At Roxbury Corr..Inst..,

CIVIL ACTION #:

( JURY TRIAL DEMAND)

```
                                           *
                                           *
18701 Roxbury Road
Hagerstown,Maryland 21746.
                                           *
and;                                       *
                                           *
ROXBURY CORRECTIONAL INSTITUTION (R.C.I.)
SECURITY CHIEF BILL WISE                   *
In His Individual and Official Capacity As Security Chief At
Roxbury Correctional Inistitution         *
18701 Roxbury Road                         *
Hagerstown,Maryland.21746        *
 and,                                      *
                                           *
LIEUTANANT ERIC PARSONS                    *
L.T.AT ROXBURY CORRECTIONAL INSTITUTION (r.c.i.0
In His Individual and Official Capacity As *
A Shift Suppervisor                        *
18701 Roxbury Road                         *
Hagerstown,Maryland 21746,                 *
                                           *
and;                                       *
                                           *
CAPTAIN DONALD NEWLIN                       *
CORRECTIONAL CAPTAIN AT ROXBURY CORRECTIONAL INST.,
In His Indivudial and Official Capasity as A Correctional
Captian At Roxbury Correctional Insttution  *
18701 Roxbury Road                          *
Hagerstown,Maryland 21746.                  *
                                            *
                                            *
and;                                        *
SERGEANT C.HAYS                             *
In Her Individual and Official Capasity As The grievance coordantor
At Roxbury Correctional Institution         *
18701 Roxbury Road                          *
Hagerstown,Maryland 21746.                  *
            DEFENDANT'S              ****
```

====================================================================================================

PLAINTIFF MS.AMBER MAREE CANTER'S FEDERAL CICIL RIGHTS ACTION AND
JURY TRIAL DEMAND

Comes Now,Plaintiff Amber Maree Canter,#744384/2979875,by ways of pro-see.Pursuant to Local Rule 103,Plaintiff Canter files this complaint against the above-named Defendants and represents to this court that this will be the first complaint against the above named defendants in this courts and on and about the dates and times mentioned in the instant 1983 U.S.C Complaint the named defendants did violate the Plaintiff's Constitutional Rights Pro.. tected to her under the United States Constitution.

And states the following facts:

## 1.INTRDUCTION.

1.   This case arises from the uinlawful, unconstitutional,and Retalatory,actions on **Plaintiff** Amber Canter ("Amber"),a committed prisonerand Transgender woman,which was committed under the watch of the stste of Maryland Department of Public Safety and Correwctional Services ("DPSCS"),by cocrectional employees Defendants Robert Green; roxbury Correctional Warden Carlos Bivens; Correctional Suppervisor Eric Parsons; Correctional Administrative Remedy Cordcnator Sgt.Hays; Security Chief Bill Wise;and Captain Donald Newlin at the D.P.S.C.S. State Of Maryland Correctional Institution In Hagerstown Maryland.

2.   This case also arises from the negligent conduct, omissions, and/or deliberate indifference of Defendants of The State of Maryland ("state"), Robert L.Green("Defendant Green"),Warden Carlos Bivens ("Warden Bivens"),Security Chief Of Roxbury Correctional Institution Bill Wise ("Chief Wise"),Correctional Captain Donald Nerwlin("Cpt.Newlin"),and Correctional Lieutenant Eric Parsons ("Lt.Parsons"), that violated Amber's rights under the Maryland Declaration Of Rights and United States Constitution and was the proximate cause of the damages sustained by Amber.

3.   On June30th,2022,Correctional Lt. Eric Parsons went out of his way to come to my cell door were i was being noused at in roxbury correctional institution and he then proceeded to retaliate on me for filings that plaintiff canter has active in this federal court.At which time defendant Parsons then abused his powers and fabricated a state document in order to place me on Disiplinary Segregation were I was deprived of my constitutionally protected rignts. With the hopes that i would retract my civil actions or that I will deter from filing anymore within this nonerable court's.

4. As a result of this unlawful placement onto disiplinary segregation Plaintiff Amber,was denied the oppertunity to have a investigation into the allegations that Defendant Parsons claimed that Plaintiff Canter threatened his life then the plaintiff was held hostage on disiplinary segregation while the institution shopped for and adjustment hearing officer that will finf the plaintiff guilty of the lies that defendant Parsons told on Plaintiff Canter.Then while this all was taken place Plaintiff Canter reached out to dedfendant Bivens, inorder for him to do the right thing and assign a investigator to investigate the unlawful actions by Lt.Parsons and was denied when Plaintiff Amber was Interrviewed by Defendant Wise on the date of Security Chief Defendant Wise on the date of July.13th,2022, in the disipinary segregation hearing officer adjustment roon where Plaintiff Canter handed to chief wise a administrative remedy procedure complaint on Defendant Parsons at which time Def.Wise, never turned in the form nor took any action to correct this unlawful placement onto Disciplinary Segregation.

5. Then upon the A.R.P.not being submitted by Def.Wise i had to reach out to Defendant Hays inorder to get more A.r.p. forms because the housing unit had none to provide to plaintiff Canter, thats when on the date of July 22nd,2022, i was forced to purchase off the teir from anuther inmate an a.r.p. form that i submitted on the Administrative Coordnator Defendant Hays, on the grounds that she was oOnce agin hendering my ability to redress a grievance on the issue of Defendant Parsons violating departmenatal policys and procedures and retaliating on me for exercising my constituanlly protect rights on Defendant Parsons and to this date of this complaint ive yet to be able to receive any complaint forms and thats when Defendant Hays had come to my door on the date of August 16th,2022, and she stated tro Plaintiff Canter that she doest care about my lawyers or the fact that i file any federal complaints on her or the warden here at roxbury correctional instution because Plaintiff is a state inmate for me to file away and as long as she is the Arp coordnator i will not get nomore grievances and i will have to contenue to buy then from other inmates.

6. As a result of this constent retalatory actions committed onto Plaintiff canter since August 5th,2021,for her active civil rights actions that are currently in this honorable courts. Moreover Amber suffera significant mental health issuesbecause of these traumatic encounters with the defendants.further,these unlawfull acts exacerbated her already existin conditions of depression,bi-polor disorder,and severe post-traumatic stress disorder,which note all of which are protected under the Americans With Disabilitys Act, which is one of the violations that Plaintiff Canter is claiming in this complaint a violation of plantiff Canters rights protedted to her under The Americans With Disabilitys Act.

7. Amber susequently attempted to report the unconstitutional and unlawful actions of the Correctional Defendant's/Officers at Roxbury Correctional Institution,including but not limite to defendants Bivens, Green, Newlin, Wise, Hays and Parsons. tne officials refused to-- effectively process Amber's complaints and refused to address her concern's, violating her - rights as an inmate and leaving her vunerable to this very day to future harassment and neglect abuse by the correctional officers and other employee's.

8.Amber Maree Canter, was and continues to be the subject to and continous pattern of - Retaliation,Harassment,Neglect and abuse of all kinds by other DPSCS Correctional Employees for her complaint up to this present day.

9.As a result of the unconstitutional corpal punishment,Retaliation,and Harassment she has and continues to suffer since she wasw targeted by the Defendant Parsons and then the actions and inactions of the DFefendants Bivens,Newlin,Wise,Hays and Green.Amber suffered and continues to suffer from severe physical and significant emotional pain and suffering, including but not limited to fear for loss of life, loss of sleep, anxiety, depression and severe post-traumatic stress disorder as a result of the consent harassment and retalatory actions done on benalf of the Defendants in this case.

## II. JURISDICTION & VENUE:

10. Jurisdiction is proper in this Honorable Court's under 28U.S.C. Code§ 1331 because this is a civil actionarising in part under the constitution,laws,or treaties of The United States. Plaintiff Canter,invokes supplementaljurisdiction of this court to hear and decide all claims arisingunder state law,by virtue of 28 U.S.C §1367, because it is in the best intrest of the judicial economy, and all claims loged by plaintiff canterbelowderive from a common nuclear of operative fact,such that the entire action before the court comprises but one constitutional case.

11. this court has personal jurisdiction over all Defendants because all the defendants - tortious actions and omissions occured and caused injury within The State Of Maryland.

12. Venue is proper in this Honerable Court under 28 U.S.C.§1391 because the parties are -- domiciled in Maryland. Plaintiff Canter timely filed proper notice under the Marylan Annotated Code Of State Government Article § 12-101 through 12-110. Plaintiff Canter HAS exhausted all of her administrative remedies available to her to resolve these matters except for the issues that has surfaced since june 30tn,2022, because Defendant Hays has failed to provide me with Grievance forms to be able to exhaust the rest of the issues of her constitutional violations

that has transpired since the original complaint occured and now Plaintiff Canter is now housed on Protective custody Placement due to her safety being in jeopordy with staff and inmates. Plaintiff Canter has also exhausted all administrative remidies available to her under the Dpscs Policies to resolve these matters with no availand with her complaint pursuant to the Prison Litigation Reform Act (PLRA)

## IV. PARTIES:

_ 13. Plaintiff Amber Canter ("Amber")is and was at all times relevant to the occurrence complained of herein,an adult citizen of the united states and a resident of Hagerstown; Maryland. At the time of the occurance complained of herein, Amber was a committed prisoner of The State of Maryland D.P.S.C.S.

14. Defendant State of MARYLAND ("Defendant State")is a body politic and corporate body that may sue and be sued and has waived any applicable sovereign immunity in accordance with the Maryland Tort Claims Act under the state Government Article of the Maryland Code, 12-104. Defendant stateconferred upon Defendant Green, and each of his predecessors,by asuthority of state law, the duty to operate DPSCS and Hagerstown Roxbury Correctional Institution ("R.C.I") at all times relevant located at 18701 Roxbury Road,Hagetrstown,Maryland 21746. At all times relevant to this complaint, Defendant State had a specail relationship with,was responsible for and had the duty to provide adequate care,safekeeping,and protection to all state prisoners in all state prisons.

15. **Defendant,Robert L.Green** is an adult citizen of the United States and at all times relevant to the occurance complained of herein served and currently serves as an agent,servant,and or employee of the state of maryland,and was acting within the scope of his employment as the Secretary of Public Safety and Correctional Services. As Secretary,Defendant Green was and is entrusted,under autority of state law, with dispensing a budget of more than $1 billion dollar throughout the DPSCS system. Defendant Green was and is charged by the state of maryland with the dutys to protect the safety and constitutional rights of all prisoners by establishing, maintaining and monitoring security policies and procedures that shall provide provide for the Health,safety,Welfareof all sentenced state prisoners under the suppervision of the DPSCS. Defendant Green was and is also charged by the state to establish,maintain,and oversee the effective promulgation of the Maryland Correctional Training Commission.Defendant Green stands in the shoes of all his predecessors for the purpose of this case, whose conduct referred to hereinwas at all times relevant to his employment,and who is responsible for the pattern and practice statislaw.Defendant Green herein and consist at all times relevant heyard authority to there

practice of misconduct dissused herein and was at all times relevant hereto acting under the color of state law.Defendant Green had and continues to have the capacity and authority to hire ,fire,and supervise final policymakers of the Maryland Department Of Public Saftey and Correctional Services,including all individually named defendants herein.

16.DEFENDANT CARLOS BIVENS,is an adult citizen of the united States and at all times relevant hereto served as an agent,servant,and or employee of the state of maryland,and was acting whithin the scope of his employment as the WARDEN for Roxbury Correctional Institution and whose conduct refered to herein was at all times relevant to his employment,and who is responsible for the pattern and practice of misconduct discussedherein and was at all times relevant hereto acting under the color of stae law. Specifically,Defendant Bivens was and continues to be responsible for the overall opperations of Roxbucry Correctional Institution and soley and directly charged with the duty of effectively implementing,maintaining,and overseeing the promulgation of the DPSCS Standards of conduct & Internal Administrative Disciplinary Process within Roxbury Corr..Inst..as well as protecting all prisoners at rcifrom foreseeably unreasonable harm or retaliation and harassment by staff and inmates.Defendant Bivens had and continues to have the capacity and authority to hire,fire,and supprevise final policymakersof Roxbury--- Correctional Facility,including all individually named Defendant's herein,save Defendant Green.

17. DEFENDANT BILL WISE,IS An adult citizen of the United States and all times relevant hereto servedas an agent,servant,and or employee of the State of Maryland,and was acting within the scope of his employment as R.C.I.'S Security Chief (Acting) for Roxbury Correctional Facility whose conduct referred to herein was at all times reevant to his employment,and who is responsible for the pattern and practice of misconduct discussed herein and was at all times relevant hereto acting under the color of state law. Specifically,Defendant WISE was responsibl for security opperations at Roxbury Correctional Inst.

18.DEFENDANT,ERIC PARSONS,is an adult citizen of the United States and at all times relevant hereto servedas an agent,servant,and or emplpoyee of the State of Maryland,and was acting under the scope of his employement as a correctional lieutant at roxbury correctional inst.,whose conduct refered to hereinwas at all times relevant to ni employment,and who is responsible for the pattern and practice of misconductd discussed herein and was at all times acting under the color of state law.

19.DEFENDANT DONALD NEWLIN,is an adult citizenof the United Statesand at all times relevant hereto servedas an agent,servant,and or employee of the state of maryland,and was acting within the scope of his employment as the shift commander at Roxbury Correctional Institution whos conduct refered to herein was at all times relevant to his employment,and who is responsable for the pattern and practice of misconduct dissussed herein and was at all times acting under

conduct refered to herein was at all times relevant to his employment and who is responsable for the pattern and practice of misconduct discussed herein and was at all times acting under the color of state law.

20. **DEFENDANT C.HAYS,** is an adult citizen of the United States and at all times relevant hereto served as an agent,servant,and or employee of the state of maryland,and was acting within the scope of her employment as a sergeant/ARP Coordnator at Roxbury Correctional Inst.,whose conduct refered to herein was at all times relevant to her employment,and who is responsible for the pattern and practice of misconduct disscussed herein and was at all times acting under the color of state law.

21. The ROxbury Correctional Institution is a state facility organized and operated as part of the Department of Public Safety and Correctional Services.Despite that Defendants Wise,Newlin, Bivens,Hays,Parsons were state actors as correctional employees at roxbury correctional facility, the state of maryland is not an appropriate defendant to this action.

22.All Defendants are jointly and severally liable for damages and injuries to Plaintiff canter describedherein.

## V. FACTS COMMON TO ALL COUNTS IN THIS COMPLAINT:

23.On Auguest 5th,2021, Amber was sent to be housed at Roxbury Correctional Institution and she was in the care and custody of DPSCS and Defendant State at Roxbury Correctional Institution in Hagerstown Maryland,pending her release in 2026.

24.During her term in the division of corrections,Amber became notoriously known by Roxbury Correctional Officers and staff as a persistent advocate and activist for transgender inmate rights. Amber has consistently and vocally challenged the policies and procedures,and practices of Roxbury facility that she has determined to be detrimental to the trandgender inmate community.

25. On June 30th,2022, I Plaintiff Amber Canter,was served with a notice of inmate rule violation by Def.Parsons, for serious institutional rule violation and Plaintiff canter was given the fallowing violations accused of (1). Claiming that Amber was engaging in a disruptive Act; (2). Claiming that Plaintiff Amber was making threats of bodely harm to Defendant Parsons,and (3).-- Claiming that Plaintiff Canter was disobeying a direct order(which please note for the record -

8

Claiming that Plaintiff Canter was Disobeying a order(please note for the record that plaintiff was only guilty of refusing housing as redford will show).

here is that statement of the facts that are arising of this civil rights action on the date of june 30th,2022, defendant eric parsons came to my cell door and knocked on the door hu5b16 which housed plaintiff Canter and Plaintiffs Witness Paul Dickens(2325111), and thats when Def.Parsons stated "canter can you please put a shirt on then come back to the door"at about the time on this day of 8:00am at which time Def.Parsons stated to me Canter you cellmate has to go onto the compound to hopusing unit three per casemanagement so I was sent down here to ensure that he was removed.So thats when i said to def.Parsons the other day my cellmate Paul Dickens wrote a inmate statement for Lt.Carter and that statement claimed and notified the administration that his life was in extreme danger to go out on the compound but i said Parsons I am waiting for the defendant Bivens to set up a safe housing situation for me to return back onto the compound where i will be safe so thats when Defendant Parsons said to me that he does not know about any of that I then said an Arp has already been filed with the administration and i am already preparing a civil action with the federal courts and i am also having my civil attorneys to call the jail and A.G's office inorder to address these unconstitutional actions that are being done to me because of the actrive civil cases and the correctional officer being found guilty in criminal court.

26.Parsons then said to plaintiff canter,"CANTER I ALREADY KNOW ALL ABOUT YOUR CIVIL CASES AND GUESS WHAT I DO NOT CARE AND I CAN TELL YOU THIS TODAY YOU AND YOUR CELLY WILL BE SPLIT UP" Amber then said "ok" beings you want to play games Parsons i refuse housing because you are not going to place my life in danger trying to open my cell up so you can just trow anyone into my cell to do bodely harm to me for all the complaints that I filed on this administration and civil actions in federal court now.

27.Thats when Defendant Parsons then stated to plaintiff Amber "you cannot refuse housing since I am not taking you off administrative segrergation just your cellmate Dickens.Plaintiff Canter then stated to Defendant Parsons"Lt.I know the policies and procedures of the department of corrections and DPSCS, I am allowed to refuse housing at any time that I please that is my right as a inmate confined in the state of maryland penal system.

28. Thats when I was getting frusterated and I asked to speak to a captain and I was refused and told that I will only be seeing him"Parsons.

29.Thats when inmate Dickens then told me Amber just Let me deal with him on this matter I am not gonna allow him to put you in anymore danger then you have already had to endure, so that is when inmate Dickens went to the door and started to explain why he was not going out into

9

general Population and Inmate witness Paul Dickens Then asked Defendant Parsons "What are you guys trying to have me killed because i will not get my cellmate amber to stop making complaint on this administration  and having her lawyers calling everyone in the book to expose the corruption within this correctional institution? dickens then proceeded to tell and explain to Defendant Parsons why his life was in danger to return to general population if I am forced to return and something happens to me or you guys force a inmate in this cell with Amber and they hurt her because of the contracted hit out on Amber's life by the correctional officer Zanell santanna who is a high ranking member in the gang called the black garilla family "B.G.F." who was found guilty in Baltimore City Circuit Court and ½Please note that Amber Testifyed against him in his criminal trial even after the threats to her life by BGF members here at R.C.I. and if anything happens to me or her  then you do understand that you are gonna be liable for deliberate indiffrence thats when Defendant Parsons then said look I dont care but give me a minute and I will see what I can do to help you out Inmate Dickens and thats when Inmate dickens then handed him all of our paperwork that was submiotted to Lt.Brian Carter, after Defendant Parsons read all thge documents he handed back the paperwork and stated to us"I have no knowledge of any of these facts within the inmate statements and I am going to place you onto Admin Seg for 30 days inorder to do my own investigation only into your claims dickens "

30.At this point Sgt.S.Pendergast came on the loud speaker on the teir and said Parsons the shift commander is on the phone and wantes to speak with you right away. and thats when Def. Parsons left away from my door.

31.Then at this point Defendant Parsons never came back to my cell door and five minutes after Defendant Parsons left thats when Sgt.Pendergast came to the cell door and poped it open and said "Look Canter please pack up your property i was told by Defendant Parsons that I have to lock you and your celly up and place you two in the same cell in a disgeg teir"I then said to sgt.pendergast its not your fault you are just doping your job. so at this point i packed up my personal property and i was moved off of administrative segregation and placed onto Punitive Segregation for no reason to support this move so i said what is this for pendergast he then said Amber all i know is its for refusing housing you guys will be off in two or three days.

32.                                          32. At aproxamently 4:00pm on 06/30/22, while i was being housed in a segregation cell without any of my personal property or my medical

32. At approxamently 4:00pm while I was being confined in a strip cell on the disiplinary segregation teir without my personal propery and medications correctional officer Quanard co2 came to the cell door and said Amber look I have a Ticket for you to sign from what ever took place on the 7 to 3pm shift lt.Parsons.

33.When i looked at the adjustment that was written by Defendant Parsons it stated the following and this document is in Plaintiff's Exhibits see attached:the fallowing fabricated facts were written on me which stated as falloweing:

On 06/30/2022 at 8:00am I Lt.Parsons was conducting security rounds in housing unit five when Sgt.Pendergast informed me that cell 5-b-16 which houses inmate Canter,Amber(2979873)and Dickens,Paul (2325111),I made inital contact with inmate canter who told me that Inmate Dickens wasn't moving unless they stayed together.I informed Canter that Dickens was the only one being released to the compound.Inmate Canter then informed me that a lawsuit had already been filed and their Attorneys had already been informed that they were heading to NorthBranch by any means necessary I then asked inmate Canter what was meant by this statement. Inmate Canter told me"That violence would be used and a cell extraction would cost the officers dearly if they tried."I asked Canter if he was threatening me and the inmate replied"It's a promise".I then put a stop to all movement within housing unit five as to prepare the officers for a possible cell extraction.For the next 30 minutes I tryed to convince inmate Canter and Dickens that this was not the best way to do this and I didn't want to use force but would if I had to.Inmate Canter told me again "Do what you have to do cause we aint moving unless we stay together and I am ready for you if you try toi come in the cell".I then ordered Canter to pack up to which he refusedsaying "Again I am only moving if I stay with my current cellmate".I then called to opperations and after further discussion I was authorized to place both occupants in 5-b-16 into a segregation cell together pending a adjustment.

34.This adjustment/state document was written under oath and by Defendant Eric Parsons this adjustment was given case  number#2022-166 and was approved by Defendant Donald Newlin without any type of investigation into these severe charges that could result in a liberty intrest being removed from me over these fabricated facts.

35.Then by the same correctional officer Quanard co2 my cellmate was served with his adjustment and his stated the fallowing facts:

On 06/30/2022, at 8:00am I Lt. Parsons was conducting security rounds I was informed by sgt.pendergast that 5-b-16 needed to speak with me. I walked to cell 5-b-16 which housed inmate's Dickens,Paul(2325111)and Canter,Amber(2979873),I informed Dickens he was being sent to the compound as he was released from administrative segregation.Inmate Dickens informed me he wasn't safe on the compound and wouldnt be moving.I advised Dickens that if he didnt move

ne would be receive an adjustment and move to housing unit five C teir. I then ordered Dickens
to pack his property and move to the compound to which he refused.I then informed Dickens that
he would be reciveing an adjustment to pack up his stuff and move to c teir to which he complie

36. Plaintiffs witness Paul Dickens adjustment/state document was written under oath and also
by Defendant Eric Parsons this adjustment was giving case number # 2022-027 and was also then
approved by Defendant Donald Newlin without any type of investigation into these totally
diffrent statements on Plaintiffs adjustment and her witnesses statement of charges Plaintiff
Canter was giving no Due-Process as was to be given to her before she was sent onto disiplinary
segregation Defendant Donald Newlin was to come to housing unit Five and speak with Plaintiff
Canter and get her side of the story as to what took place but instead he read Defendant Parson
statement of fabricated facts and told them to send me to lock up pending adjustment only after
Defendant parsons wrote his own adjustment then approved his rule violations and what he stated
in his affinned under oath to the penalties of purjury as to what happened on the time and date
inquestion which in its self violated Plaintiff's constitutional rights proteded under the 14th
amendment in the united stated constitution.

37.On the date of July3rd,2022 Plaintiff Canter sent a letter/complaint to Defendant Captain
Newlin and in this complaint Plaintiff Canter asked him if he could please come to the unit and
speak with her about the facts that Defendant parsons claimed happens on the 30th day of june,
2022, and this document was turned in to the institutional mail box. At the end of the letter I
asked that he please contact IID so that i could prosue criminal charges on Defendant Parsons
for misconduct in office for him submitting fabricated state document's inorder to conceal his
wrong doings.And to this date of the filing of this civil action Plaintiff has yet to receive a
responce to that written complaint.

38.On the fallowing dates I had asked correctional oficers for a grievance forms and I was told
no. and them datyes are as fallowed:
05/30/2022; 07/01/2022; 07/03/2022; 07/06/2022; 07/07/2022; 07/12/2022; Then on the date of
July 13th,2022, i was called out to speak with Defndant Bill Wisw the Actting Security Chief in
the adjustment room of housing unit five. And in this meeting he asked me several things and
they were as fallowed:
   #1. If i was not allowed to return back into general population would i mind going onto
Protective Custody Wise then said once I told him that I donot Mind he was going to speak with
Warden Bivens about this matter on monday;
   #2.I then brought up to Defendant Wise the fact that Lt.Parsons fabricated facts on a state
document inorder to retaliate on me for all the issues that my attorneys have called up there
about in regards to how his officers are conducting there self's with me and the things that

are doing to me because of the correctional officer's being charged and what they have seen on Cnn News and the fact that Defendant Parsons only gave me a severe infraction when infact my cellmate Dickens was the one that made threats to him because he thought that Def. Parsons was trying to place his life in extreme danger.Thats when defendant Wise then said that he was going to look into these issues and get back to me on monday July 18th,2022,and he never came back to see me or even did a investigation.

39. On the date of July 13,2022, I Plaintiff Amber Canter handed defendant Wise an ARP that i had to buy off the teir from a inmate because i was being denied the paperwork inorder to file a grievance on Defendant Parsons on security video footage of RCI_HOUSING_UINIT_5_C teir on the date of july 13th,2022,at 12:00pm will show that I gave this defendant a State Document/Grievance and this Grievance was never turned in nor investigated which violated departmental plicies OPS.185.0002.

40.On the date of July 15th,2022, i then sent a letter to the secretary of corrections about this issue and that i needed to see IId to press criminal charges and the fact of the unconstitutional practices that officers use here at RCI and how they will misuse the Inmate rule Violations inorder to retaliate on me for my civil filings on the department along with how the suppervisors will not investigate the issues that are brought infront of them of serious concern as thisone is on Defendant Parsons and to this date i havent gotten a response only the warden sent me a message trew the casemanager and the warden said that he was responding to the letter to the secretary and you will have to wait till you go up for your adjustment.

41. on the date of july 16,2022, i was able to get a new grievance form from a inmate because the defendants were refusing to provide me with ARP form so i submitted a grievance on Defendant Parsons and to this daste of this fillings there hasnt been any response nor has it been processed and given a case number by Defendant Hays so I appealed this non response to the Inmate Grievamnce Office along with the djustment issues as policies mandate me to a.r.p.s. cannot be filed on a action that is to be investigated by the IID division for DPSCS. there has also been a TORT claim filed with the maryland treasers office that is pending and could take one year for them to respond Plaintiff met all the requirements in the PLRA.

42. On the date of July21,2022 i spoke with the other actting chief Emanual about a grievance that i gave to Defendant Wise on the date of 07/13/2022, and Emanual called Defendant wise on his state issued cell phone and wise told him to tell me i will not be getting that grievance back if I do not like it call my lawyers.

*13*

42. On july 21,2022, institutional represenitive yutzy came to my door and said that he was
still waiting on the institution to provide him with the security video footage from the date
and time in question of your adjustment but when i receive it then you will be taken up for you
adjustment that you got on june,30,2022 but if you take a plea today ill give yopu 60 days on
segregation and 90 days loss of good conduct credits I told him no not a deal yutzy then told
me "canter you been in doc for long enuff if you go to an adjustment we are going to wait and
get  an adjustment officer that will find you guilty you made threats of harm to a oficer and a
High ranking suppervisor at that i said sir i never did that" and he walked away at this point
I have now been on disiplinary segregation now for over (22) Days without due process.

 then on the date of july 25,2022 i made a big issue and i requested to see officer yutzy again
and when he came to my door i asked yutzy "MAN WHAT IS TAKEN SO LONG FOR ME TO GO UP FOR MY
DISIPLINARY HEARING IV BEEN OVER HERE NOW FOR ALMOST #) DAYS AND NOT BEEN IN FRONT OF A HEARING
OFFICER SO THIS CASE CAN BE HERD YOU HAVE 3 DAYS PER COMAR TO HEAR ME IV BEEN HERE NOW FOR 30
DAYS ALMOST WHAT DO I NOT HAVE NO CONSTITUTIONAL RIGHTS TO DUE_PROCESS?
thats when yutzy told me that he is still waiting on the institution to give him my video so i
can present it at my hearing.
43. Defendant Hays came to my cell door today and said look i need you Canter to sign these Arp
responces from the warden which are not related to this complaint and while i was signing the
Arp's Defendant Hays told me "Canter when are you just gonna give up and be like other inmates
do yopur time and go home look i donot care about you filing complaints on me nor does anyone
else in this jail because i am going to just dismiss them and please they do not mean nuthen
you will never get any officer in trouble with them and from my mouth yes i told all the staff
not to provide you with anymore grievances your not gonna flood my office with your nonsense
you have these big shot lawyers call them and have them do more crying for you o wait you cant
call them do you see how it works canter you are in our house and we control your life
Lt.Parsons has already showed you how easy it is to confine you and cut you off from all avenue
to cause us havic with your frivolous complaints this is prison if you do not like how we treat
you then keep your dumb ass home."

44. on the date of july27,2022, i was taken up for the unconstitutional adjustment that was
filed on me and i was herd by judicial officer Dustin Fignar and he herd about four hours of
tetamony from Plaintiff who called correctional oficers as witness who told the truth about
what took place on the date opf 06/30/2022, and they stated that lt.parsons lied and that they
had  no knowledge of anything that Lt/defendant parsons was talking about and then Plaintiff
Canter  Called INmate Dickens who told the hearing officer the truth about whaT Happend that
date and that he was the one who made threats tawards Defendant Parsons not Plaintiff canter,
then the institution only provided the hearing officer part of the security video hearing ofice
stated that I was NOT GUILTY on all count except the disobey a order and all the violent charge

i4

proven to be not true and i told the hearing officer that I was Guilty of rule Violation 316 disobey a order but i never threatined the officer that defendant parsons abused his powers in order to retaliate on me for all my legal issues on the department and not fallowing the laws that were put in place to protect inmaes against things like this i then asked the hearing offi if they could please forward this hearing record to the Maryland State Police/DPSCE IID because I want to file criminal charges on Defendant Eric Parsons for his lying under oath and submittiong fabricated state documentys then lying under oath at this hearing were he sworn to tell the whole truth. And thats when he said i will have to contact someone at my institutin to do taht.

45.I was then removed from disiplinary segregation and placed back onto administrative housing were i was pending protective custody transfer for my safety and that transfer was done on the date of August 3,2022, i was transferd to central Protective Custody at Roxbury Correctional inst.,.

46. Actting Chief Emanual came to my cell door on the date of Aug.8th,2022, and he told me that the warden Defendant Carlos Biven sent him to tell me that he will not be contacting IID on his officers if i wanted to press charges or launch a investigation on Def.Parsons that i had to do that on my own time why dont i call my attorneys and tell them they call everywhere else when I dont get my way in prison or i think thaT PRISON SHOULD BE LIKE A RESORT and not punitive thats when i said can you please tell the warden that that was innaproprate and out of line.

47. still am being denied ARP form from defendant Hays this ia now August 22,2022

48.Amber subsequently attempted to report the unconstitutional and unlawful action's of the Officer Defendants to officials at Roxbury and DPSCS.

49.Defendant Green and Bivens failed, with deliberate indiffrence for Amber's legal rights,to effectively process her complaintsin so muchthat they did not adhere to departmental policys, and they refused to address her concerns related to her unlawful placement on Disiplinary segregation and all the potential retaliation for her complaint.

50.As a result,Defendant Green and Bivens inaction's has rendered Amber Vulnerable to this very day to future harassment and abuse or naglect at the hands of correctional officers.

51. As a result of Defendant Parsons providing false information to the hearing officer and to the state of maryland threw his state documents about what he said Amber has done, Amber has been made vunerable to this very day to furture harassment and naglect or mental abuse by other correctrional officers throughout the DPSCS system.

15

52. In fact, Amber has sufferd, and continues to suffer consistant retaliation from various DPSCS officers that work directly on the protective Custody Teir or indirectly, in the forms of threat to her freedom in population and being placed back on di/admin segregation, refusing to receive any further grievances from Amber, arbitrarily limiting the amount of grievances Amber may file, adverse housing trandfers prior to placement on protective custody, denial in and/or delay of medical care, and /or encouraging other inmates ( John Ramsey)to intimidate her then do nuthen to this inmate or allow her to press charges on him for sexual harassment and putting urine in her food trays then allowing him to keep his job around Amber and will not allow Amber to place Inmate John Ramsey on her enamy list, in retaliation for lodging her complaint related to her be ing victimized by Defendant's Parsons; Hays; Bivens: Newlin; and Green.

53. Further, Defendants Green, Bivens, and Wise failed, with Deliberate Indiffrence to Ambers rights to be free from cruel and unusual punishment and due-process, to ensure that correctional officers at RCI were properly monitored and/or supervised in their assignments to disiplinary segregation and issueing false inmate adjustment reports against Amber and their adherence to departmental policys on authoring state document or adjustment reports.

54. Defendant Green and Bivens failed to establish facility-wide policies necessary to prevent violations of Amber's rights under the United States Constitution and Maryland Declaration of R

55. defendant's Green, Bivens, Wise failure to use due care to train and suppervise its correctio nal officers/staff, including all officer defendants, was a direct and proximate cause of Amber injurys.

56. Moreover, Individual Defendants failed to reasonably protect Amber from foreseeable and know harm of all aspects, by acting, or failing to act, with deliberate indiffrence for Ambers right against cruel and unusual punishment.

57. As a result oOf Defendants collective actions and /or inactions or omission, Amber sufferd and continues to experience severe physical and emotional pain and suffering, including but not limited to fear for her welfare, loss of sleep, anxiety, depression, and post-traumatic stress disorder

58. The survalance footage confirms that the defendant Parsons falseifyed the events that they swore under oath and the penalty of purjury as to what they seen and took place on 06/30/22.

## CLAIMS FOR RELIEF

### COUNT 1

## 42 U.S.C.1983-14th Amendment Violations
## (Officers Defendants Individually)

59. Plaintiff adopts and incorperates by refrence each and every allegation contained elsewere herein verbatim with the same effect as if herein fully set forth.

60. Officer Defendants engaged in objectively unreasonable activity under the color of state law that violated Amber's rights protected under the 8th and 14th Amendment's of the United States Constitution to be free from cruel and unusual punishment and be afforded procedurasl due process.and to be free from:

  a.excessive punishmentor abuse under the color of state law;
  b.imprisonment and seizure of freehold,liberty and priveledge without due process,and without judgement of her peers;
  c.freedom from depervation of liberty withou due process of law, and without judgement of her peers;
  d. freedom from the abuse of power under the color of state law;
  e. freedom from summary punishment;and or
  f.freedom from prison officials deliberate indiffrence to the health and safety of the inmates.

61. Specifically, Amber had a clearly establishied right not to have her 8th;14th;and 1st Amendment rights violated by officer Defendants under the totality  of the circumstances then existing and described elsewhere herein.

62. Defendant Officers afforded Amber Less process than was due under law by depriving her of the rights enumberd above.

63. as a direct and proximate result of the aforesaid conduct,actions,and inactions of state defendants and that stated elsewhere herein,Amber was caused to suffer and continues temporary and perminent mental injuries,mental pain,and suffering,including but not limited to ,undue emotional distress,mental anguish,huniliation,embarrassment,loss of respect,shame,loss of enjoy ment of life,and disability, an inability to perform and enjoy her normal and unusual activitie and economic damages including but not limited to,future lost time and wagesfrom work,future lost earing capacity,all to the great detriment of plaintiff canter.

**WHEREFORE,** Plaintiff Canter Demands judgement against defendants Green, Bivens, Wise, Newlin and Hays, in the amount to be determined at trial, but in excess of $75,000.00, plus intrest and punitive damages, in the amount to be determined at trial, Plaintiff Canter also asks that a priliminary injunction be enterd and order all the defendants to stop all retaliation asap.

### COUNTS II &III
### 42.U.S.C.§ 1985-conspiracy to Interfere with civil Rights
### (Correctional Defendants Individually)

**64.** Plaintiff adopts and incorporates by refrence each and every allegation caontained elsewere herein verbatim with the same effectas if herin fully set forth.

65. Defendants Green, Biven, wise Newlin and Hays saw that defendant Parsons and other defendants were allowing parsons to submitt a false document that will effect the release date of Amber and or cause suffering and did nuthen to stop the situation or take corrective measurers when knowedge was made to them to adress the issue or from this ever happening to any inmate ever again.

66. Dispite this knowledge, and the knowedge of their sworn duty to reasonably protect Amber's legal Rights, Defendant's Bivens, Wise, Newlin, Green, and Hays conspired with Defendant Parsons to facilitate an unlawful corpal punishment and harasment against Amber in contraventionof the 8th Amendment.

67. Defendant's Bivens, Wise, Newlin, additionally failed to intervine during Defendant's Hays and Parsons unlawful Retalitory actions against Amber of the 8th and 14th Amendment as also per departmental policys.

68. As a direct and proximate result of the aforesaid conduct, actions, inactions of the state defendants and that stated elsewhere herein, Amber was caused to suffer and continues to suffer temporary physical injuries, physical pain and suffering, mental pain and sufering, including but not limitedto, undue emotional distress, mental anguish, humiliation, embarrassment, loss of respect, shame, los of enjoyment of life, and disability, an inability to preformand enjoy life and usual activitys all to the great detriment to plaintiff Canter.

**WHEREFORE,** Plaintiff Canter demands jugment agaist officer Defendantsin an amount to be determined at trial, but in excess of $75,000.00, plus intrest, costs and fees, and punitive damage in the amount to be determined at trial along with preliminary injunction against all defendant to stop any and all retalatory actions and ensure that Plaintiff is afforded to get Arps when she chooses without delay.

18

COUNT IV

NEGLIGENCE

(Defendant state of Maryland)

69. Amber adopts and incorperates by refrence the allegations contained elsewhere herin witth the same effect as if herein fully set forth.

70. DPSCS is an excutive department of the Maryland State Government, which is responsible for protecting the safety,welfare of the public as well as inmates under its supervision-so that all Marylanders can enjoy living and working in the state-.

71.The State and DPSCS,through their agents,servants,and employees,including the above-named defendants,participatedin, directed,supervised, and approved the promulgation of its duty to protect the safety of the public as well as the inmates under their suppervision.

72.The State and DPSCS owed a duty to Amber to ensure that it undertook its responsibility for protecting the safety of inmates with due care and pursuant to proper standards and practices so as to reasonably foreseeable damages or injury to Amber.

73. It was foreseeable to the State and Dpscs that by not fulfilling their duty owed to Amber, that she would likely suffer substantial injury/or damages at the hands of an employee or agent of the State/DPSCS.

74.Despite this knowledge,the State and DPSCS breached their duty to Amber by;
    a. negligently failing to adequately train its correctional officer employees,including the officer defendants,on the use of fileing true and correct documents on inmate and also not using retalatory actions on any inmate for exercising their protected rights;

    b. negligently failing to establish policies reasonably designed to maintain an environment within DPSCS of accountability for its correctional officers/employees, to adequately discourage DPSCS officers from engaging in tortous conduct, to adequately deter DPSCS officers from violating the legal rights of inmates,and to adequately dissuade DPSCS officers from concealing officers misconduct against inmates.

75. As a direct and proximate result of this breach of duty by the State and DPSCS,Amber has susstained ans will continue to sustain,substantial temperary and perminent physical injurys, physical pain etc pecuniary damages,pain,humbiles,effect,emotional losabof res,disishdat,lossdbe

19

,physical pain and suffering,mental pain and sufering including but not limited to, undue emotional distress,mental anguish,humiliation,embarrassment,loss of respect,shame los of enjoyment of life and disability,and inability to preform and enjoy her normal life activities, and economic damages and expenses, all to Ambers great.

**WHEREFORE,**Plaintiff Canter respectfully demands judgment against each Defendant in an amount to be dertermined at trial, but not less the $75,000.00,plus intrest.

## COUNT V
### MARYLAND DECLARATION OF RIGHTS ARTICLE 16 and 26- CRUEL AND UNUSUAL PUNISHMENT
### (All Defendants in Official and Individual Capacity)

**76.** Amber adopts and incorporates by refrence the allegations contained elsewhere herein with the same effect as if herein fully set forth.

77. Defendant Parsons, without legal justification or excuse,filed an illegal notice of inmate rule violation that resulted in plaintiff being striped of her liberty intrest for over 30 days without due process or investigation into defendants wrong doings.

78.defendants Bivens,Hays,Newlin,wise and GREEN conspired with defendant Parsons to implament retalatory actions on plaintiffAmber when they ,willfully,in bad faith and in reckless disregar and /or deliberate indifference for Amber's indelible rights,chosenot to take action when they were made aware od Defendant Parsons illegal actions tawards Amber.
79. DefendantsGren,Bivens,Wise,Newlin,fostered,encouraged,and turned a blind-eye,willfully, reklessly,and with diliberate indiffrence towards correctional oficer misconduct,including the use of retalitory actions and fostering an environment that facilitated the covering up of officers misconduct,in violation of Ambers rights to be free from cruel and unusual punishment under ther Maryland Declaration of Rights.

80. The acts or omissions of all individual Defendants intentionally deprived Amber of her rights under the Maryland Declaration of roghts and were the direct and proximate cause of Amber's injuries and other damages.

81.Amber had clearly established right to be free from unjustified,severe,and unconstitutional depervations.

82.The defendants to this claim were acting pursuant to state of Maryland custom,policy,decison ordinance,regulation,widespread habit,usage,or practice in their actions pertaining to Amber.

20

83. As a proximate result of defendants unlawful conduct,Amber has sufered actual mental and emotional injuries, and other damages and loss as described herein entitling her to compensatory and specail Damages. As a further resultof the Defendants unlawful conduct,Amber has incurred specail damages,including mental health medical bills and other specail damages related expenses.

WHEREFORE PLAINTIFF Canter respectfully demands judgement against each defendant in the amount to be determined at trial,but no less then $75,000.000 on each defendant for this count.

RELIEF REQUESTED

WHEREFORE ,As to each and every count plead,Plaintiff Amber Canter respectfully requests that this court award her the fallowing relief:

A. Judgement in favor of Plaintiff and against Defendants,jointly and severlly, finding defendants liable to Plaintiff canter;

B.Award Plaintiff compensatory damages in an amount which exceeds well over $ 75,000.00,plus intrest and costs in an amount to be dertimed at trial;

D.Award the costs of this case;

E. Enter a prliminary injunction that will direct all departmental employees to stop all retalatory actions on Amber and to ensure that Amber id provided Grievance forms when she asks for them and donot refuse her to file any grievances and also to place a order directing the department to send a investigator to see Amber so that she can file criminal charges on Defendant Parsons for his actions of misconduct while in office and submitting fabricated a false state documents inorder to retaliate on me and that the department provide a status report to the courts asto why they shouldnt grant this injunction inorder to ensure that Ambersr rights are protected during the cousre of this litigation,

F. Award pre-judgement and post-judgement intrest,

G. Award all other further and general relief as the courts deem fit and just as a matter of law and justice.

Date: August 25,2022

Respectfully Submitted,

By: _____

MS.AMBER MAREE CANTER

#477-384   /2979873

21

ROXBURY CORRECTIONAL INSTITUTION
18701 ROXBURY ROAD
HAGERSTOWN MARYLAND.21746
plaintiff Pro-se

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a triasl by jury on the intrestand issues set forth in this complaint.

Ms.Amber MareeCanter
18701 Roxbury Road
Hagerstown Maryland 21746
plaintiff pro se

CC'd:

1. Timothy F. Mccormack ESQ, For Other civil claim
   Ballard Spahr, LLP

2. Malcolm P. Ruff, ESQ, For other civil claim
   Murphy, Falcon, Murphy

3. Michelle McGeogh, ESQ, For other civil claim
   Ballard Spahr, LLP

4. Ms, Lindsey Harrison, ESQ, For other civil claim
   Jenner & Block LLP.

5. Plaintiff pro se Amber Canter
                        22